MIRAMAR REALTY CO., LTD., Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 884. Submitted February 3, 1933.—Decided March 28, 1933.

*R. Castro Fernández* for appellant.   The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 26th of September, 1925, the Miramar Realty Co., Ltd., was formed and styled itself a "civil partnership" (*sociedad civil*).   The object of the company was to buy, sell, and handle real estate.   Various substitutions of partners or owners were made.   Miguel Echevarría Navarro was one of the members of the firm.   After his death the other members held a meeting and appointed Herman L. Cochran liquidator of the firm.   Of this meeting it appears that the heirs of Echevarría were notified, but on the advice of counsel, for reasons of their own, namely, that they were not prepared to accept the inheritance from Echevarría, they refused to take part in the meeting.   They signified that they neither acquiesced in nor opposed the naming of a liquidator.   Previous to his death, in favor of certain banks or creditors, Echevarría made an assignment of a certain interest or "benefit" in the Miramar Realty Co. to the American Colonial Bank.   Subsequently Herman L. Cochran as liquidator made a deed of sale of some property belonging to the Miramar

Realty Co. to Belén Aldea, widow of Agüero. The deed was refused record. The note of the registrar follows:

"The record of the sale made by virtue of this document, presented along with others, is refused because given the terms in which the transfer from Miguel Echevarría to the banks in question was drafted, it can not be determined if what is transferred is capital or partner- ship earnings (*beneficios sociales*), or both of them; and because in the deed dissolving the partnership and appointing a liquidator the transferees (the banks) did not appear, nor did the privies of the deceased partner and this must be considered necessary for the val- idity of said dissolution of the partnership and the naming of the liquidator and hence for the sale attempted to be made; and no effect can be given to the statement made in the deed of dissolution that all the partners were notified and failed to appear at the meeting."

In this administrative appeal it does not appear, as the appellant seems to contend, that the registrar decided that the banks had any other interest than that of creditors. What was decided in effect was that, if they had a greater or dif- ferent interest or if they had any title, they should have been notified and taken part in the meeting for naming a liquidator. From a reading of the deed we agree with the appellant that the banks were only creditors and did not have a right to take part in the said meeting. There is nothing in the deed to show a transfer of title to the creditor banks.

According to section 146 of the Code of Commerce of 1932 and section 1561 of the Civil Code of 1930, a liquidation must be governed by the regulations adopted by the partnership deed. Section 1561 of the Civil Code, Edition of 1930, pro- vides:

"Civil partnerships, on account of the objects to which they are devoted, may adopt all the forms accepted by the Code of Commerce. In such case its provisions shall be applicable in so far as they do not conflict with those of this Code."

The deed itself provided that upon the dissolution of the firm it would be liquidated by all the managing partners if they did not agree to name an amicable compounder. It fur-

thermore provided that the death of one or more of the partners should not be reason for dissolving the firm but it should go on with the survivors and the heirs of those who had title, etc., but in such a case the right to the use of the firm name would belong solely to the surviving partners. It appears from the sixteenth clause that a liquidation may take place at the instance of all the managing partners.

We are inclined to agree with the appellant that the managing partners under the said deed at the time of the naming of a liquidator or of the supposed dissolution were Carrión and Cochran, who together represented more than half of the assets of the firm.

*Mendía* v. *Arzuaga et al.*, 37 P.R.R. 344, is authority to the effect that if a deed should put a condition impossible to be performed the deed would be to that extent ineffective. Taking that case as a guide we hold that the deed in the present case, if it is to be given effect, would tend to allow the surviving partners to act in the name of all. If the deed is not to prevail, then the provisions of the Civil Code should be followed, *ubi supra*. Moreover, the surviving partners took every step possible to have the heirs present.

We think the registrar is mistaken in maintaining that all the members of the firm should intervene in the deed of dissolution.

We have some additional considerations. The Miramar Realty Co. was a civil partnership. All its members were tenants in common of the real assets of the firm. Hence if the partnership deed or the mercantile law is of doubtful application then the majority of tenants in common of any particular piece of property have a right, especially after due notice to the others, to take any necessary legal step. This conclusion flows from sections 399 *et seq.* of the Civil Code, especially section 405, and from the citation from Odriozola that the registrar makes (Odriozola, *Diccionario de la Jurisprudencia Hipotecaria de España,* page 1052). If the prop-

812

erty is not sold before dissolution, it appears from that citation that the partners become co-owners or tenants in common.

Also it should be remembered that the Miramar Realty Co. was constituted for the buying and selling of real estate. This is not the ordinary case of the ownership of real estate by individuals or by persons who have just inherited their property. The deed itself shows that the idea of the Miramar Realty Co. was to buy and sell property and divide the profits or share the losses. This is what the liquidator was attempting to do in this case and the tendency of the courts is always to give effect to the intention of the parties. The liquidator maintains through counsel that there are other sales of pieces of property that would be affected by the decision of the registrar. In any case of doubt, Cochran and Carrión would be estopped from asserting any title against the purchaser and we think a similar condition would prevail against the heirs of Echevarría inasmuch as they were given the opportunity to appear at the meeting and did not.

The ruling must be reversed and the record made.